BIRD, PLAINTIFF AND APPELLANT, v. NOGUERAS ET AL.,
DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Humacao in an Action
of Intervention in Ownership of Personal Property.

No. 1559.—Decided April 24, 1917.

INTERVENTION IN OWNERSHIP — CONTRADICTORY EVIDENCE — PASSION, PREJUDICE,
PARTIALITY, OR MANIFEST ERROR.—When there is a conflict between the evi-
dence introduced by the parties in an action of intervention in ownership
and the court, whose province it is to adjust the conflict, finds against the
plaintiff, and it is not shown that it was influenced by passion, prejudice,
partiality, or committed manifest error, the only cases in which this court would
disturb the finding of the court of original jurisdiction, the judgment appealed
from should be affirmed.

The facts are stated in the opinion.
Messrs. Texidor & Martínez Alvarez for the appellant.
Messrs. José and Manuel Tous Soto for appellee Juan
Nogueras.
The other appellee did not appear.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of
the court.

Pursuant to an order entered by the District Court of Hu-
macao on October 20, 1914, to secure the effectiveness of the
judgment in an action of debt brought by Juan Nogueras Pe-
draza against Juan Canell in the said court, a Mercedes auto-
mobile, license No. 772, was attached as the property of Canell.
Thereupon Francisco Bird Quiñones, after furnishing the
security required by the Act of March 14, 1907, as amended
March 12, 1908, filed in that court on November 28, 1914, a
complaint of intervention in ownership against Nogueras and
Canell, claiming the ownership of the automobile and alleging
that it belonged to him on and before the date of the attach-
ment, because although it was in the possession of Canell when
the attachment was levied, he was not the owner but simply
held possession of it.

Defendant Nogueras answered the complaint of the in-
tervenor, alleging that the attached automobile belonged to

his co-defendant, Juan Canell, to whom the intervenor, Francisco Bird Quiñones, had sold it for the sum of $700 long before the levy of the attachment, payable $300 in cash and $400 in instalments, the dates of which were not fixed but depended upon the receipts from Canell's work, Bird Quiñones having retained the automobile in his possession and the license to operate it in Porto Rico as security for the payment of the balance of the purchase price. Nogueras also alleged that his claim against Canell was for $789.73 with legal interest of ½ per cent monthly from May 23, 1911, and the costs, disbursements and attorney fees, and that judgment had been entered accordingly against Juan Canell.

The case went to trial and on June 21, 1916, the court rendered judgment dismissing the complaint of intervention and ordering that as the automobile belonged to Juan Canell the attachment should stand as levied, and that Francisco Bird Quiñones and his sureties should pay Nogueras, the plaintiff in the principal action, the sum of $789.63.

From that judgment Bird Quiñones appealed to this court on the ground that the District Court of Humacao had committed manifest error in weighing the evidence.

After holding in its opinion that the automobile license appeared in the name of the intervenor at the time the attachment was levied, but that the latter had already sold it to Juan Canell for $700, payable $300 in cash and the balance in instalments, Canell to have the use of the car, the District Court of Humacao expressed itself as follows:

"It is true that the evidence was contradictory, for, although the intervenor, Bird Quiñones, and his witnesses attempted to show that the transaction between said intervenor and Juan Canell was merely a contract of lease, the court is of the opinion that a preponderance of evidence was introduced by the attorney for Juan Nogueras Pedraza tending to prove the fundamental fact of the sale of the automobile by Francisco Bird Quiñones to Juan Canell."

The evidence of the plaintiff and that of defendant Nogueras is, in fact, contradictory, and the court, whose province

it was to adjust the conflict, decided against the plaintiff, and it has not been shown to us that the court was influenced by passion, prejudice, or partially or committed manifest error in weighing the evidence, the only cases in which this court, in accordance with its repeatedly established jurisprudence, would interfere with the weighing of the evidence by the trial court.

Pursuant to section 108 of the Law of Evidence, it devolved upon Francisco Bird Quiñones to prove his claim, and the evidence introduced by him at the trial not being satisfactory in the light of that offered by the defendant, his action cannot prosper.

For the foregoing reasons the judgment appealed from should be

*Affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.